**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 22-4033

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LEVAR ANTHONY LEARY,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Elizabeth City.  James C. Dever III, District Judge.  (2:21-cr-00005-D-1)

───────────────

Submitted:  August 23, 2022                          Decided:  August 25, 2022

───────────────

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levar Anthony Leary appeals his convictions and 300-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, a quantity of cocaine base, and five grams or more of methamphetamine, in violation of 21 U.S.C. § 846; possession with intent to distribute 500 grams or more of cocaine and five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Leary's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Leary's guilty plea and appeal waiver are invalid, whether trial counsel rendered ineffective assistance, whether the district court properly calculated the Sentencing Guidelines range, and whether the Government committed prosecutorial misconduct. Leary has filed a pro se brief raising a variety of additional challenges to his convictions and sentence. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Leary's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of

2

the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Upon review of the record, including the plea agreement and the transcript of the Rule 11 hearing, we conclude that Leary knowingly and intelligently waived his right to appeal.

The appeal waiver does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 363-64 (4th Cir. 2018). Because Leary did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see also United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014) (describing standard). Our review of the record reveals that Leary entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See* Fed. R. Crim. P. 11(b); *Williams*, 811 F.3d at 622.

The appeal waiver forfeits Leary's right to appeal his convictions and his sentence on any ground but contains an explicit exception for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to Leary at the time of his guilty plea. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). On the face of the record, there is no conclusive evidence of ineffective assistance that would fall outside the scope of the appeal waiver. Thus, Leary's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020). The available record likewise

3

reveals no breach of the plea agreement or prosecutorial misconduct that would fall outside the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that would fall outside the appeal waiver's broad compass. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Leary, in writing, of the right to petition the Supreme Court of the United States for further review. If Leary requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leary.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*